**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **THE ESTATE OF JO GUAJARDO NAVARRO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 5:23-cv-01296-XR** |
| **v.** | § | |
| | § | |
| **SEATTLE BANK C/O PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S MOTION TO DISMISS**
**PURSUANT TO FEDERALRULE OF CIVIL PROCEDURE 12(B)(6)**

COMES NOW, Defendant Seattle Bank c/o PHH Mortgage Corporation ("Defendant") and hereby moves this Court to dismiss Plaintiff's Original Petition under Federal Rule of Civil Procedure 12(b)(6) and would respectfully show as follows:

## I. SUMMARY

1. Plaintiff filed this action on October 2, 2023, in response to Defendant's pursuit of a foreclosure sale of the following real property commonly known as 6150 Golden Valley, San Antonio, Texas 7824, and more particularly described as

> LOT 6, BLOCK 105, NEW CITY BLOCK 15224, LACKLAND CITY SUBDIVISION UNIT 49, IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO PLAT THEREOF RECORDED IN VOLUME 5580, PAGES(S)138 DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

(the "Property"). *See* Petition at ¶ 8.

2. In the Petition, Plaintiff, an alleged estate of Jo Guajardo Navarro, claims that Defendant breached the deed of trust by "accept[ing] the plaintiff's performance of running behind

on the mortgage and the defendant breached the modified course of conduct by posting the property for sale." Plaintiff also seeks injunctive relief prohibiting foreclosure of the Property, and economic damages, attorney's fees, and costs of court. *See Id.* at Prayer.

3. By this motion, Defendant shows that the entirety of this suit should be dismissed. Plaintiff's claims should be dismissed because they lack capacity to bring them. Finally, Plaintiff has failed to allege sufficient facts to support the claim against the Defendant. Accordingly, this entire suit should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.
## STANDARD UNDER RULE 12(b)(6)

4. Under the Rule 12(b)(6) standard, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Id*. Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 667, (2009); *Pinela-Navarro v. BAC Home Loans Servicing LP*, EP-11-CV-131-PRM, 2011 WL 3666586 (W.D. Tex. July 29, 2011). The alleged facts must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2006). In short, a complaint fails to state a

claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

5. Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a claim for failure to state a claim upon which relief can be granted, including lack of capacity to sue. *See Coates v. Brazoria Cty. Tex.*, 894 F. Supp. 2d 966, 968 (S.D. Tex. Sept. 10, 2012). Capacity to sue is determined by the procedural law of the state where the case is pending. *See Angers ex rel. Angers v. Lafayette Consol. Gov't*, No. Civ.A. 07-0949, 2007 U.S. Dist. LEXIS 74435, 2007 WL 2908805, at *1-2 (W.D. La. Oct. 3, 2007) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991) (citing Fed. R. Civ. P. 17(b))). A court [*6] must take all factual allegations in the complaint as true when considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

## III.
## ARGUMENT AND AUTHORITIES

### A. Plaintiff's claims should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because it lacks capacity to bring them.

6. Texas law is clear that its claims on behalf of an estate may only be brought by a personal representative of the decedent's estate. *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 786-87 (Tex. 2006). A "representative" is an executor or administrator of the decedent's estate. Tex. Estates Code §§ 22.031(a)(1), (2).

7. A decedent's estate is not a legal entity and may not properly sue or be sued as such. *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975). In general, only the estate's representative has the capacity to act on behalf of the estate. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). Because the claims have been brought in the estate's name only, and not through

the personal representatives of the estate, Plaintiff's claims should be dismissed for lack of capacity.

**B. Plaintiff's breach of contract claim fails as a matter of law.**

8. To establish a breach of contract claim, Plaintiff must show: "(1) the existence of a valid contract; (2) performance by [P]laintiff[s]; (3) breach of the contract by the defendant; and (4) damages sustained by [P]laintiff[s] as a result of the breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

9. Here, any potential breach would arise from the Note or Deed of Trust, as this is a pre-emptive foreclosure suit. The Fifth Circuit has explained that "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014). Plaintiff fails to identify the specific contractual provision that was breached. Plaintiff also openly acknowledges their own breach of the Note—failing to make timely mortgage payments. *See* Petition at ¶ 8. Moreover, Plaintiff does not specify which or what damages they suffered and how such damages were caused by a breach. Thus, Plaintiff has improperly pled its breach of contract claim.

**C. Plaintiff is not entitled to notice as an heir.**

10. Contrary to Plaintiff's contentions, Defendant was not required to send a notice of foreclosure to the "family". The Texas Property Code's notice requirements extend only to debtors in default. *See* Tex. Prop. Code § 51.002(d). Only parties that sign the note are considered a debtor for these purposes. *See Robinson v. Wells Fargo Bank*, N.A., 576 Fed. Appx. 358, 361 (5th Cir. 2014) Because Plaintiff did not sign the Note, Plaintiff is not considered a debtor who is owed notice under the Texas Property Code. There is no requirement under Texas law "to conduct

some level of investigation to determine the legal heirs for purposes of proper notification prior to foreclosure." *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 55 (5th Cir. 2008).

11. Under the Texas Property Code, only the original debtor is entitled to personal notice. *See Robinson* at 361 (5th Cir. 2014) (holding that notice was not due to a party that did not sign the note); *Rodriguez v. Ocwen Loan Servicing*, LLC, 306 Fed. Appx. 854, 2009 WL 101941, at *2 (5th Cir. 2009) (internal quotation marks omitted) ("[U]nder Texas law, [t]here is no legal requirement that personal notice of a foreclosure be sent to persons not parties to the deed of trust."); *Schlotte v. Option One Mortg. Corp*., No. 09-11-00208-CV, 2012 Tex. App. LEXIS 4289, 2012 WL 1951125, at *4 (Tex. App.—Beaumont March 15, 2012, pet. denied) ("Although Schlotte had an interest in the property, as noted above, he was not a party to the note or the deed of trust, and thus was not entitled to notice of the foreclosure sale."). For all other parties, the posting of notice at the courthouse and filing the notice with the county clerk is sufficient. *See* Tex. Prop. Code § 51.002(b)(2).

**D. Plaintiff is not entitled to injunctive relief.**

12. Injunctive relief is an equitable remedy that should be dismissed when no substantive claims have been pleaded. *Kirksey v. America's Servicing Co.*, Case No. H-12-2859, 2013 U.S. Dist. LEXIS 109049 at *12 (S.D. Tex. Aug. 2, 2013). "[T]o obtain a preliminary injunction, a plaintiff must demonstrate, among other things, a likelihood of success on the merits of his or her claim." *Howard v. JP Morgan Chase NA,* No. SA-12-CV-00440-DAE, 2013 U.S. Dist. LEXIS 54433 at * 29 (W.D. Tex. Apr. 17, 2013). Here, Plaintiff has failed to plead a viable cause of action against Defendant, as set forth in detail above; therefore, they are not entitled to the injunctive relief they seek. *See Id.*

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that Plaintiff's Petition be dismissed with prejudice and that Defendant be awarded all other relief to which they may be entitled.

Respectfully submitted,

By: */s/ Nicholas M. Frame*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**NICHOLAS M. FRAME**
Of Counsel
Texas Bar No. 24093448
nframe@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT SEATTLE BANK**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2023, a true and correct copy of the foregoing was served on the following via ECF and first class U.S. Mail:

Gregory T. Van Cleave
1520 W. Hildebrand
San Antonio, Texas 78201
(210) 341-6588
(210) 701-8481 (facsimile)
Texas Bar No. 24037881
Greg_v@vancleavelegal.com

*/s/ Nicholas M. Frame*
**NICHOLAS M. FRAME**