UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE ESTATE OF JO GUAJARDO NAVARRO, <br> *Plaintiff* <br><br> v. <br><br> SEATTLE BANK, C/O PHH MORTGAGE CORPORATION; <br> *Defendant* | § § § § § § § § § § § Case No. SA-23-CA-01296-XR |

## ORDER GRANTING MOTION TO DISMISS

On this date, the Court considered Defendant's motion to dismiss (ECF No. 3). After careful consideration, Defendant's motion is **GRANTED**.

### BACKGROUND

Plaintiff, the Estate of Jo Guajardo Navarro, seeks to prevent Defendant Seattle Bank, c/o PHH Mortgage Corporation ("PHH") from foreclosing on the real property located at 6150 Golden Valley in San Antonio, Texas (the "Property"). ECF No. 1-1 at 6–12.

Before his death, Jo Navarro took out a reverse mortgage loan, evidenced by a note and deed of trust and secured by a lien on the Property in favor of PHH. *Id.* at 8. Mr. Navarro thereafter defaulted on the loan, and, after his death, a foreclosure sale was scheduled for October 3, 2023. *Id.* Although the Navarro family offered to pay the balance of the loan (approximately $100,000), PHH allegedly refused to allow the family to redeem the Property and failed to inform them of the delinquency or the pending foreclosure. *Id.*

On October 2, 2023, Plaintiff, the alleged estate of Mr. Navarro, filed suit in the 224th Judicial District Court, Bexar County, Texas, alleging that Defendant breached the deed of trust by "accept[ing] the plaintiff's performance of running behind on the mortgage and the defendant

breached the modified course of conduct by posting the property for sale." *Id.* at 10–11. The preamble to the petition references "causes of action for money damages, Breach of Contract, Request for injunctive relief, and Request for Accounting[.]" *Id.* at 6. The body of the petition identifies only one cause of action: a claim for breach of contract. *See id.* at 10–11. The petition does not assert any injury beyond the alleged "irreparable injury" that Plaintiff would suffer absent an injunction of the foreclosure sale. *See id.* at 9. The state court issued a temporary restraining order on the date the petition was filed, enjoining the scheduled foreclosure sale. *See* ECF No. 6-1 at 3–5.

On October 12, 2023, Defendant removed the action to this Court on the basis of diversity jurisdiction. ECF No. 1. Shortly thereafter, Defendant moved to dismiss Plaintiff's petition in its entirety, arguing that Plaintiff (1) lacks capacity to file suit and (2) has failed to identify any underlying substantive cause of action that could support its claim for injunctive relief. *See* ECF No. 3. No response has been filed, and the time in which to do so has expired.[1]

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

---

[1] Although Plaintiff failed to file a response or inform the Court that the motion is unopposed as required by Local Rule CV-7(D), the Court will not treat the motion as unopposed. Rather, it will be evaluated on the merits. *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) ("The Federal Rules of Civil Procedure, however, do not, by their own terms, require a party to file a response in opposition to a motion to dismiss. *See* FED. R. CIV. P. 12. Accordingly, the district court improperly granted the motion to dismiss for failure to state a claim solely because the Webbs failed to oppose the motion."); *Ramirez v. United States*, 410 F. Supp. 3d 824, 830 n.1 (S.D. Tex. 2019) ("The Court, however, may not simply grant a motion to dismiss as unopposed; it must consider the merits of the motion.").

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. Feb. 3, 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see also Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II.     Analysis

### A.     Plaintiff lacks capacity to file suit

Whether a party has the capacity to sue or be sued is a legal question that may be decided at the Rule 12 stage. *See Coates v. Brazoria Cnty. Tex.*, 894 F. Supp. 2d 966, 968 (S.D. Tex. Sept. 10, 2012).[2] Capacity to sue is determined by the procedural law of the state where the case is pending. *See Angers ex rel. Angers v. Lafayette Consol. Gov't*, No. Civ.A. 07-0949, 2007 WL 2908805, at *1–2 (W.D. La. Oct. 3, 2007) (citing *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)).

Texas law is clear that its claims on behalf of an estate may only be brought by a personal representative of the decedent's estate. *Belt v. Oppenheimer, Blend, Harrison & Tate, Inc.*, 192 S.W.3d 780, 786–87 (Tex. 2006). A "representative" is an executor or administrator of the decedent's estate. TEX. ESTATES CODE §§ 22.031(a)(1), (2). A decedent's estate is not a legal entity and may not properly sue or be sued as such. *Price v. Estate of Anderson*, 522 S.W.2d 690, 691 (Tex. 1975). In general, only the estate's representative has the capacity to act on behalf of the estate. *Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971).

Because the claims have been brought in the estate's name only, and not through the personal representatives of the estate, Plaintiff's claims must be dismissed for lack of capacity.

### B.     Plaintiff fails to state a substantive cause of action for breach of contract

Plaintiff has also failed to state a claim for breach of contract. In Texas, a claim for breach of contract requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the

---

[2] A challenge to Plaintiff's capacity to bring suit is distinct from a challenge to its standing. *Linsan, Inc. v. Mercantile Thrift Stores, Inc.*, No. 4:20-CV-04343, 2023 WL 3698551, at *1 (S.D. Tex. Mar. 2, 2023); *see Greener v. Cadle Co.*, 298 B.R. 82, 87–88 (N.D. Tex. 2003) ("Capacity is a party's legal authority to go into court and prosecute or defend a suit, whereas standing is a party's justiciable interest in the suit and is a component of subject matter jurisdiction.").

plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.— Houston 2005, pet. denied)). Moreover, to properly plead a breach-of-contract claim in a wrongful foreclosure case, "a plaintiff must identify a specific provision of the contract that was allegedly breached." *Innova Hosp. San Antonio, L.P.*, 995 F. Supp. 2d at 602; *see also Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of contract of a note and deed of trust must identify the specific provisions in the contract that was breached."); *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach-of-contract claim where plaintiff did not specify which provision in the deed of trust was breached).

The original petition does not allege that Defendant has violated any specific provision of the deed of trust, vaguely asserting that "[t]here is no default sufficient to justify foreclosure and any alleged default has been cured or waived[.]" ECF No. 1-1 at 9. Instead, the petition challenges the foreclosure on the basis that Defendant "procured a notice of foreclosure without giving the family notice of the Order of Foreclosure" previously issued by the 37th District Court of Bexar County. *Id.* at 11.

As a third party to the deed of trust, however, the family was not entitled to any pre-foreclosure notice. *See Olivares v. Pyatt*, No. 2:15-CV-81, 2015 WL 12751698, at *2 (S.D. Tex. Aug. 26, 2015) (purchaser in possession of mortgaged property who made loan payments on behalf of the borrowers was not entitled to pre-foreclosure notices because he was not a party to the loan); *Schlotte v. Option One Mortg. Corp.*, No. 09-11-00208-CV, 2012 WL 1951125, at *4 (Tex. App.—Beaumont May 31, 2012, pet. denied) ("Although [the purchaser] had an interest in the property, as noted above, he was not a party to the note or the deed of trust, and thus was not entitled to notice of the foreclosure sale."). As a general rule, only the mortgagor or a party who is

in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex. 1988). Although non-borrowers with a legal or equitable interest in a property may have third-party standing to challenge a foreclosure sale, they do not, as strangers to the contract, have standing to sue for breach of the underlying security instrument.[3] *Id.*

In sum, Plaintiff does not have standing to sue for breach of contract and, to the extent that it seeks to challenge the foreclosure based on Defendant's failure to comply with its obligations under the deed of trust, Plaintiff has failed to identify any specific provision that was allegedly violated. In short, Plaintiff has failed to allege a breach of the deed of trust that could render the foreclosure process defective.

### C.    Plaintiff's claim for injunctive relief fails as a matter of law

"Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–CV–0592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010) (citing *Brown v. Ke–Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist.] 2008, no pet.)). Because Plaintiff's substantive claim fails as a matter of law, it cannot support a claim for injunctive relief.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Petition for failure to state a claim (ECF No. 3) is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**. A final judgment pursuant to Rule 58 will follow.

---

[3] The Court assumes that Plaintiff's foreclosure challenge claim sounds in contract because it provides no other basis for its position that Mr. Navarro's family was entitled to notice of the foreclosure order.

It is so **ORDERED**.

**SIGNED** this 14th day of November, 2023.

                                                                                           _____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE